1

2

3

4

5

6

7

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

8

9

10

11

12

13

14

15

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Respondent, <br><br> v. <br><br> WALTER SILVA, <br><br> Petitioner. | CASE NO. 1:14-CR-00005-LJO-SKO <br><br> MEMORANDUM ORDER VACATING THE COURT'S REFERRAL ORDER; GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION TO PROCEED PRO SE; DISMISSING AS MOOT PETITIONER'S MOTION FOR RECONSIDERATION; AND, SETTING BRIEFING SCHEDULE <br><br> (ECF Nos. 28, 29, 30) |

16

17

18

19

20

21

22

23

24

25

Pending before the Court is Petitioner Walter Silva's *pro se* "Motion to Vacate, Set Aside, or Correct Sentence Under: 28 USC § 2255," filed June 17, 2016 (ECF No. 27), pursuant to Title 28, United States Code, Section 2255 ("Section 2255 Motion"). On July 6, 2016, the Court referred the matter to the Federal Defender's Office (the "FDO"), giving the FDO time in which to file a supplement to the Section 2255 motion or file a notice that it declines to do so. *See* ECF No. 28. Now before the Court is Petitioner's "Motion to Proceed in Pro-Se," filed July 13, 2016, in which he seeks (1) to proceed without the assistance of counsel; (2) to obtain his Court records, including the indictment and plea agreement; and, (3) that the Court grant him "90 days time [sic] to file his § 2255 supplement brief." ECF No. 29.

26

27

28

On August 17, 2016, Petitioner filed a "Motion for Reconsideration of Requested Material Facts," in which he emphasizes that he requests to proceed in the matter without an attorney and "to be allowed to obtain my requested record," including the indictment, plea agreement, sentencing transcripts, and Judgment and Commitment. ECF No. 30. Where Petitioner concedes that the Court

1    has not yet considered any relevant pending motion, *see* ECF No. 30, there is nothing to reconsider.

2    Petitioner's "Motion for Reconsideration" (ECF No. 30), is **DENIED AS MOOT**.

3            In light of the notice filed by the Federal Defender's Office on August 17, 2016 *see* ECF No.

4    31, the referral of the pending motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255

5    (ECF No. 28) is **TERMINATED** and the Clerk of Court is directed to **REMOVE** the FDO as

6    counsel for Defendant Walter Silva. This result obviates the need for Petitioner to request it. To that

7    extent, Petitioner's "Motion to Proceed Pro Se" (ECF No. 29) is **DENIED AS MOOT**.

8            Two narrow questions remain.

9                                            **DISCUSSION**

10   **I.      Requested Case Materials and Sentencing Transcript**

11           As to copies of case materials (indictment, plea agreement, and judgment and commitment),

12   "[n]othing prevents defendant from contacting the clerk's office directly to obtain the copies of

13   documents requested, standard rates applying, or having his [trial] representative obtain access to

14   and copy the documents in the clerk's possession pursuant to 28 U.S.C. § 753(b)." *United States v.*

15   *Lucatero*, No. 05-cr-0443-WBS, 2007 WL 1747077, at *1 (E.D. Cal. June 18, 2007).

16           To the extent that Petitioner requests a free copy of his sentencing transcript, Title 28, United

17   States Code Section 753(f) provides that fees for transcripts in Section 2255 proceedings shall be

18   paid by the United States under the statute if the petitioner is "permitted to sue or appeal in forma

19   pauperis"; and, "if the trial judge … certifies" that (1) "the suit or appeal is not frivolous"; and, (2)

20   "that the transcript is needed to decide the issue presented by the suit or appeal." *See also Britt v.*

21   *North Carolina,* 404 U.S. 226, 227 (1971) (finding that an indigent prisoner must, as a matter of

22   equal protection, be provided "with a transcript of prior proceedings when that transcript **is needed**

23   for an effective defense or appeal") (emphasis added). Petitioner does not demonstrate that the

24   transcript is needed to decide the issues presented in his 2255 Motion. The facts necessary to

25   determine whether the underlying crimes in this case implicate *Johnson v. United States*, 135 S. Ct.

26   2551 (2015), can be found in the plea agreement as well as the judgment and commitment, thus

27   another source with the same information, i.e. the sentencing transcript, is not obviously necessary to

28

decide the issues presented in Petitioner's 2255 Motion. Accordingly, Petitioner's request for case materials and a transcript of the sentencing hearing is **DENIED**.

**II.      Briefing Schedule**

The Court still believes its decision-making would be aided by the filing of a response or opposition by the United States. Consistent with the July 6, 2016 briefing schedule (ECF No. 28), the United States shall have **60 days** from the date of the FDO's filing, on or before October 17, 2016, to file a response to Petitioner Silva's *pro se* motion. Good cause showing, Petitioner's request for an extension of time in which to file a reply (ECF No. 29) is **GRANTED**, and **from the date of the Government's filing, Petitioner shall have 90 days** to file a reply, if any, **or** to file an appropriate notice electing to withdraw the motion.

IT IS SO ORDERED.

Dated:    **August 26, 2016**              **/s/ Lawrence J. O'Neill**
                                           UNITED STATES CHIEF DISTRICT JUDGE