# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff-Respondent,<br><br>     v.<br><br>WALTER SILVA,<br><br>               Defendant-Petitioner. | **CASE NO. 1:14-CR-00005-LJO-SKO**<br><br>**MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT HIS SENTENCE PURSUANT TO 28 U.S.C. § 2255**<br><br>**ECF No. 27** |

## I. INTRODUCTION

Before the Court is Petitioner Walter Silva's ("Petitioner," "Defendant," or "Silva") motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 ("§ 2255"). ECF No. 27. Following the filing of Petitioner's motion, the case was referred to the Federal Defender's Office, which declined to supplement Silva's motion and requested withdrawal as counsel. ECF Nos. 28, 31. The Government thereafter filed its opposition on October 24, 2016. ECF No. 41. The Court granted Petitioner 90 days after the filing of the Government's opposition to file a reply brief or to file an appropriate notice electing to withdraw the motion. ECF No. 32. Petitioner did not file a reply. Having considered the parties' briefing and the record in this case, the Court DENIES Petitioner's motion under § 2255.

## II. BACKGROUND

On November 10, 2014, Silva pleaded guilty to one count (of a three-count indictment) of possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c), and agreed to a sentence of 121 months. ECF Nos. 20, 21. In the Pre-Sentence Investigation Report ("PSR"), the United States Probation Officer followed the recommendation of 121 months and noted that the applicable guideline for violation of 18 U.S.C. § 924(c) is United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 2K2.4(b), which provides for a minimum term of imprisonment of not less than five years, and further noted that Chapters Three (adjustments) and Four (criminal history) of the Guidelines do not apply to the count. PSR ¶ 10; ECF No. 24.

Silva was sentenced on February 9, 2015. ECF No. 25.

## III. LEGAL FRAMEWORK

A. **28 U.S.C. § 2255**

Section 2255 provides four grounds upon which a sentencing court may grant relief to a petitioning in-custody defendant:

> [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack.

28 U.S.C. § 2255(a). Generally, only a narrow range of claims fall within the scope of § 2255. *United States v. Wilcox*, 640 F.2d 970, 972 (9th Cir. 1981). The alleged error of law must be "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974).

B. ***Johnson II* and *Welch***

Pursuant to the Armed Career Criminal Act ("A.C.C.A."), a defendant must be sentenced to a mandatory minimum of 15 years to life in prison if he has three prior convictions for "a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). The A.C.C.A. defines "violent felony" as any

crime punishable by imprisonment for a term exceeding one year that:

    (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

    (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C. § 924(e)(2)(B) (emphasis added). Courts generally refer to the first clause, § 924(e)(2)(B)(i), as the "elements clause"; the first part of the disjunctive statement in (ii) as the "enumerated offenses clause"; and its second part (starting with "or otherwise") as the "residual clause." *Johnson v. United States*, 135 S. Ct. 2551, 2556-57, 2563 (2015) ("*Johnson II*"); *United States v. Lee*, 821 F.3d 1124, 1126 (9th Cir. 2016).

    In *Johnson II*, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process," on the basis that "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." 135 S. Ct. at 2557, 2563. "Two features of the residual clause conspire to make it unconstitutionally vague." *Id.* at 2557. First, "the residual clause leaves grave uncertainty about how to estimate the risk posed by a crime" by "t[ying] the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements." *Id.* Second, "[b]y combining indeterminacy about how to measure the risk posed by a crime with indeterminacy about how much risk it takes for the crime to qualify as a violent felony, the residual clause produces more unpredictability and arbitrariness than the Due Process Clause tolerates." *Id.* at 2558.

    The Supreme Court subsequently held that its decision in *Johnson II* announced a new substantive rule that applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). "By striking down the residual clause for vagueness, [*Johnson II*] changed the substantive reach of the Armed Career Criminal Act, altering the 'range of conduct or the class of persons that the [Act] punishes." *Id.* at 1265 (quoting *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004)).

3

1 As a result, defendants sentenced pursuant to the A.C.C.A. residual clause can collaterally attack their
2 sentences as unconstitutional under § 2255. *See, e.g.*, *United States v. Heflin*, 195 F. Supp. 3d 1134
3 (E.D. Cal. 2016).

4 C. **Sentencing Pursuant to 18 U.S.C. § 924(c)(1)(A) and U.S.S.G. §2K2.4**

5 Section 924(c)(1)(A) of title 18 of the U.S. Code provides, *inter alia*, that any person who in
6 relation to any "drug trafficking crime" uses or carries a firearm shall in addition to the punishment
7 provided for such "drug trafficking crime," be sentenced to a term of imprisonment of not less than five
8 years, to run consecutively with the punishment for the underlying crime. If a firearm is brandished in
9 the course of committing the "drug trafficking crime," the consecutive term of imprisonment shall be not
10 less than seven years (84 months). 18 U.S.C. § 924(c)(1)(A)(ii). If a firearm is discharged, the
11 consecutive term of imprisonment shall be not less than ten years. *Id.* § 924(c)(1)(C)(A)(iii).

12 Section 2K2.4(b) of the U.S.S.G. provides that "if the defendant, whether or not convicted of
13 another crime, was convicted of violating section 924(c) or section 929(a) of title 18, United States
14 Code, the guideline sentence is the minimum term of imprisonment required by statute. Chapters Three
15 and Four shall not apply to that count of conviction." U.S.S.G. § 2K2.4(b).

## IV. DISCUSSION

17 Petitioner challenges his sentence pursuant to *Johnson* and *Welch*, though he concedes that he
18 does not know whether they apply to his case. ECF No. 27 at 1.

19 They do not. Silva pleaded guilty to using a firearm in relation to a drug trafficking crime. This
20 provision of the U.S. Code was directly unaffected by *Johnson* and contains no language mimicking the
21 language held to be void for vagueness in *Johnson*.

22 Silva was sentenced neither under the A.C.C.A. nor pursuant to any other statute that includes
23 any of the language declared unconstitutional in *Johnson*. As *Johnson* does not apply, the Supreme
24 Court's decision in *Welch* is also inapplicable. Therefore, Petitioner's sentence under § 924(c)(1)(A)

was not imposed in violation of the Constitution or the laws of the United States. The Court **DENIES** Petitioner's § 2255 motion.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken from the denial of a § 2255 motion unless a certificate of appealability is issued. 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To obtain a certificate of appealability, Petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further." *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (internal quotation marks and citations omitted).

Because Petitioner has failed to make a showing that he was denied a constitutional right, the Court **DECLINES** to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## VI. CONCLUSION AND ORDERS

Accordingly, **IT IS HEREBY ORDERED** that Petitioner Walter Silva's Motion to Vacate, Set Aside, or Correct Sentence pursuant to § 2255 (ECF No. 27) is **DENIED**. The Court **DECLINES** to issue Petitioner a certificate of appealability for this motion.

IT IS SO ORDERED.

Dated: **September 14, 2017**        /s/ Lawrence J. O'Neill
                                      UNITED STATES CHIEF DISTRICT JUDGE